**KIM, CHO & LIM, LLC**
Seokchan Kwak, Esq.
460 Bergen Boulevard, Suite 305
Palisades Park, NJ 07650
Tel: (201) 585-7400
Fax: (201) 585-7422
*Attorneys for Plaintiff*
seankwak@kcllawfirm.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GA HO KIM,<br><br>                    Plaintiff,<br><br>     -against-<br><br>DKCOSMETICS; DKCOS CORP.; CLUB CLIO CORP.; CLUB CLIO NYC CORP.; JONG KYUN ("JOHN") LEE and JOHN DOES 1-10 (said names being fictitious); and JOHN ROE CORPS. 1-10 (said names being fictitious),<br><br>                    Defendants. | Case No.:<br><br>CIVIL ACTION<br><br>COMPLAINT |

Plaintiff, GA HO KIM ("Plaintiff"), by and through his attorneys, Kim, Cho & Lim, LLC, upon their personal knowledge, and upon information and belief as to other matters, aver against Defendants, DKCOSMETICS; DKCOS CORP.; CLUB CLIO CORP.; CLUB CLIO NYC CORP.; JONG KYUN ("JOHN") KIM; JOHN DOES 1-10 (said names being fictitious); and JOHN ROE CORPS. 1-10 (said names being fictitious) (collectively, "Defendants"), as follows:

**NATURE OF THE ACTION**

1.  Plaintiff brings this lawsuit as a non-exempt employee seeking recovery of unpaid overtime premium and liquidated damages therefor under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), the New Jersey Wage and Hour Law ("NJWHL") and their supporting rules and regulations.

2. Plaintiff brings this lawsuit also seeking recovery of unpaid spread of hours premium, liquidated damages therefor, and statutory damages for Defendants' violation of record-keeping and notice requirements under NYLL and its supporting regulations.

3. Plaintiff brings this lawsuit as an individual as well as a representative of putative FLSA Collective Class (as defined herein), and Rule 23 Class (as defined herein) (collectively, "Class"), of which members are similarly situated as Plaintiff was under employment with Defendants.

## PARTIES

4. Defendant DKCOSMETICS is a domestic corporation organized and existing under the laws of the State of New York.

5. Defendant DKCOSMETICS maintains a principal place of business at 18 W 33rd Street, 4th Floor, New York, NY 10001.

6. Defendant DKCOSMETICS also maintains a warehouse facility at 734 Grand Avenue, Unit A, Ridgefield, NJ 07657.

7. Defendant DKCOS Corp. maintains a principal place of business also at 18 W 33rd Street, 4th Floor, New York, NY 10001.

8. Defendant Club Clio Corp. maintains a principal place of business at 136-86 Roosevelt Avenue, Flushing, NY 11354; it also maintained a principal place of business at 141-47 Northern Boulevard, Flushing, NY 11354, which is now closed.

9. Defendant Club Clio NYC Corp. maintains a principal place of business at 11 West 14th Street, New York, NY 10011.

10. Defendant Jong Kyun Lee ("JK Lee") is the chief executive officer, president, principal, shareholder, officer, director, or otherwise authorized representative of all corporate Defendants.

11. Defendants John Does 1-10 are, upon information and belief, individuals or sole proprietorship whose identities are unknown to Plaintiff at the filing of this Complaint, but who may be liable to Plaintiff, under the FLSA, NYLL, or NJWHL.

12. Defendants John Roe Corps 1-10 are, upon information and belief, businesses, companies, corporations, limited liability companies or partnerships, traditional partnerships, or other judicial, legal, or *de facto* entities whose identities are unknown to Plaintiff at the filing of this Complaint, but who may be liable to Plaintiff under the FLSA, NYLL, or NJWHL.

13. Defendants John Roe Corps 1-10 include a corporate entity doing business as, or which did business as, "Jknlee." Jknlee is another corporation under the control of Defendant JK Lee. A search for webpage "jknlee.com" is re-directed to clubcliousa.com, which is an online platform for the business conducted by the named corporate Defendants.

14. Jknlee maintained a principal place of business at 2 E Broadway, New York, NY 10038 and another one at 192 Front Street, New York NY 10038.

15. Plaintiff Ga Ho Kim is an individual residing at 71-23 163th Street, 1st floor, Fresh Meadows, NY 11365.

**JURISDICTION AND VENUE**

16. This Court has subject matter jurisdiction over Plaintiff's claims under the FLSA pursuant to 28 U.S.C. §§ 1331 (federal question) and 1337.

17. This Court has supplemental jurisdiction over Plaintiff's claims under the NYLL and NJWHL pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

18. The venue is proper in the Southern District Court of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this district.

**DEFENDANTS WERE PLAINTIFF'S EMPLOYERS**

19. Defendants, DKCOSMETICS; DKCOS CORP.; CLUB CLIO CORP.; CLUB CLIO NYC CORP., and Jknlee (collectively, "Corporate Defendants"), are legal entities jointly doing business as "Club Clio" within and without the United States, including South Korea (under Korean corporation, Clio, Inc.).

20. During Plaintiff's employment with Defendants, Defendants had gross annual revenue of $500,000 or greater.

21. During Plaintiff's employment with Defendants, Defendants were engaged in the commerce of in the production of goods for commerce within the meaning of FLSA, 29 U.S.C. § 203(s).

22. Defendants were Plaintiff's and the Class (as defined below)'s employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

23. Defendants were Plaintiff's and the Class's employers within the meaning of NYLL, N.Y. Lab. Law §§ 651(6).

24. Defendants were Plaintiff's and the Class's employers within the meaning of NJWHL, N.J.A.C. § 12:56-2.1.

25. All Corporate Defendants were under common ownership and constituted a joint enterprise. As such, each of the Corporate Defendants and its principal, JK Lee, were employers of Plaintiff, which employed and caused Plaintiff to suffer to work for Defendants in the State of New York and the State of New Jersey.

CORPORATE DEFENDANTS

26. Corporate Defendants had the power to hire and fire Plaintiff and each member of the Class.

27. Corporate Defendants had the power to set wages of Plaintiff and each member of the Class.

28. Corporate Defendants had the power to control the work schedules and/or other conditions of employment of Plaintiff and each member of the Class.

29. Corporate Defendants knew or should have known the applicable laws and regulations regarding the payment of overtime premium, the spread of hours premium, and the notice requirements.

30. Notwithstanding, Corporate Defendants willfully acted in violation of the requirements of the laws and regulations regarding the payment of overtime premium, the spread of hours premium, and the notice requirements.

31. Corporate Defendants share the same ownership, same management, and same employment policies; they have common ownership and are thus deemed joint enterprises.

### DEFENDANT JONG KYUN ("JOHN") LEE

32. Defendant JK Lee is the chief executive officer, president, principal, shareholder, officer, director, or otherwise authorized representative of all corporate Defendants.

33. Defendant JK Lee had the power to hire and fire Plaintiff and each member of the Class.

34. Defendant JK Lee had the power to set wages of Plaintiff and each member of the Class.

35. Defendant JK Lee had the power to control the work schedules and/or other conditions of employment of Plaintiff and each member of the Class.

36. Defendant JK Lee had the power to control other individuals employed by Corporate Defendants as managers, including Hwa Young Lee and Jieun Lee, who were managers employed by the Corporate Defendants during the relevant time period, who in turn executed the orders received from JK Lee, including by hiring, hiring, setting the wages of, setting the work

schedules of, and/or otherwise controlling the conditions of employment of Plaintiff and the members of the Class.

37. Defendant JK Lee controlled the method of payments made to Plaintiff.

38. Defendant JK Lee held the power to sign company checks of each Corporate Defendant.

39. Defendant JK Lee knew or should have known the applicable laws and regulations regarding the payment of overtime premium, the spread of hours premium, and the notice requirements.

40. Notwithstanding, Defendant JK Lee willfully acted in violation of the requirements of the laws and regulations regarding the payment of overtime premium, the spread of hours premium, and the notice requirements.

## THE CONDITIONS OF PLAINTIFF'S EMPLOYMENT

41. Plaintiff was hired by Defendants on May 2, 2016 and was employed until November 15, 2018.

42. Beginning on May 2, 2016 through about November 2017, Plaintiff was employed by Defendants in the State of New York at various locations, including:

    a. 11 West 14th Street, New York, NY 10011;

    b. 136-86 Roosevelt Avenue, Flushing, NY 11354;

    c. 141-47 Northern Boulevard, Flushing, NY 11354;

    d. 2 E Broadway, New York, NY 10038; and

    e. 192 Front Street, New York NY 10038.

43. Since Plaintiff's employment with Defendants, Plaintiff never received any wage notice setting forth the following information:

  a. The rate or rates of pay and basis thereof, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or other;

  b. Allowances, if any, claimed as a part of the minimum wage, including tip, meal, or lodging allowances;

  c. The regular payday designated by the employer;

  d. The name of the employer;

  e. Any "doing business as" names used by the employer;

  f. The physical address of the employer's main office or principal place of business and a mailing address if different; and

  g. The telephone number of the employer.

44. Beginning on May 2, 2016 through about November 2017, Plaintiff received a salary of $3,000 per month, or $690.45 per week [($3,000/month) ÷ (4.345 weeks/month) = $690.45/week].

45. Beginning on or about November 2017 through November 15, 2018, Plaintiff was employed by Defendants in the State of New Jersey at a warehouse located at 734 Grand Avenue, Ridgefield, NJ 07657.

46. Beginning on or about November 2017 through November 15, 2018, Plaintiff received a salary of $3,500 per month, or $805.52 per week [($3,500/month) ÷ (4.345 weeks/month) = $805.52/week].

47. During the entire period of Plaintiff's employment with Defendants, Plaintiff was scheduled to work from 9 AM through 5:30 PM, with a 30-minute lunch break, from Monday through Friday.

48.     During the entire period of Plaintiff's employment with Defendants, Plaintiff and Defendants agreed that Plaintiff's salary was to compensate him for his scheduled work hours, totaling forty (40) hours of work per week.

49.     Throughout Plaintiff's employment with Defendants, Plaintiff was actually required to work from 9:00 AM through approximately 11:00 PM and was often required to work until as late as 2:00 AM.

50.     Moreover, while employed in New Jersey, Plaintiff was required to drive his co-workers and superiors to and from work their residence in New York to the workplace in New Jersey. As such, Plaintiff was required to work an additional one-and-one-half (1.5) hours prior to his scheduled shift and an additional two (2) hours after the end of his shift.

51.     Plaintiff was required to use his personal vehicle in performing his duties as a driver. Furthermore, this is not a car-pooling arrangement; Plaintiff was required to pick up and drop off his superiors at their residence, and the passengers neither contributed to the cost of travel nor took turns driving.

52.     Plaintiff's duties of driving his co-workers and his superiors were made an express condition of his continued employment with Defendants.

53.     On average, beginning on May 2, 2016 through about November 2017, Plaintiff was required to work approximately sixty-eight (68) or more hours per week.

54.     On average, beginning on or about November 2017 through November 15, 2018, Plaintiff was required to work approximately eighty-six (86) or more hours per week.

55.     During Plaintiff's employment with Defendants, Plaintiff never received any premium for overtime hours for his work hours in excess of forty (40) per week.

56. During Plaintiff's employment with Defendants, Plaintiff never received any premium for the spread of hours for days on which he worked greater than ten (10) hours of spread in his work.

57. For an aggregate of at least twenty (20) days following the payment of his wages, Plaintiff did not receive a wage statement with the payment of his salary stating the following information:

      a. Dates of work covered by that payment of wages;

      b. Name of the employee;

      c. Name of the employer;

      d. Address and phone number of the employer;

      e. Rate or rates of pay and basis thereof, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or other;

      f. Gross wages;

      g. Deductions;

      h. Allowances, if any, claimed as a part of the minimum wage; and

      i. Net wages.

58. Throughout Plaintiff's employment with Defendants, Plaintiff was not provided with any tax form. When Plaintiff demanded a tax form from Defendants after his separation with Defendants, Plaintiff was provided with a Form 1099 (instead of a Form W-2).

59. By receiving a tax form 1099 and filing his taxes accordingly, Plaintiff was assessed with approximately $6,000 in tax due, at least half of which should have been borne by Defendants.

**FLSA, 29 U.S.C. § 216(b) COLLECTIVE ACTION ALLEGATIONS**

60. Plaintiff brings his claims for relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt salaried employees of Defendants who were caused

by Defendants to suffer to work at Defendants' businesses or other corporate offices maintained by Defendants for the operation of its business in the United States, on or after the date that is three years before the filing of this Complaint ("FLSA Collective Class").

61. At all relevant times, Defendants' employment practices, specifically those relating to the non-payment of overtime premium, to which Plaintiff was subject, was a corporation-wide practice to which the FLSA Collective Class was also subject.

62. At all relevant times, Plaintiff and the FLSA Collective Class were scheduled to work a predetermined number of hours, generally eight (8) hours per day for five (5) days per week, but were in fact directed to or otherwise required to work in excess of forty (40) hours in a given week.

63. At all relevant times, Plaintiff and the FLSA Collective class were and have been similarly situated, are and have been subject to substantially similar practice in payment of wages, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime premium for hours worked in excess of forty (40) hours in a given workweek.

64. Plaintiff and the FLSA Collective Class were together the victims of a single corporate decision or policy to willfully fail to pay any overtime premium to their salaried employees.

65. The members of the FLSA Collective Class – non-exempt individuals employed by Defendants on a salary basis – were subject to Defendants' practice of withholding payment for overtime premium.

66. The members of the FLSA Collective Class were similarly situated as was Plaintiff.

67. The claims of Plaintiff stated herein are essentially identical to those of other FLSA Collective Class.

**FEDERAL RULES OF CIVIL PROCEDURE RULE 23 CLASS ACTION ALLEGATIONS**

68. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure Rule 23 on behalf of all non-exempt salaried employees of Defendants who were caused by Defendants to suffer to work at Defendants' business locations, warehouses, or other corporate offices maintained by Defendants for the operation of its business in the United States, on or after the date that is three years before the filing of this Complaint ("Rule 23 Class").

69. The number, identity, and last known contact information of the members of the Rule 23 Class are readily ascertainable and determinable from the records of Defendants.

70. The hours assigned to, the hours actually worked by, the position or title held by, the basis for payment to, and the rates of pay to each member of the Rules 23 Class are also determinable from Defendants' records.

71. There are numerous members of the Rule 23 Class, that joinder of all members is impracticable, and the disposition of their claims as a class action is in favor of judicial efficiency than to litigate each individual case separately. The number of the members of the Rule 23 Class unascertainable to Plaintiff at this time but are estimated to be about a hundred. The adjudication of individual claims would result in a great expenditure of the judicial and public resources.

72. Plaintiff's claims for non-payment of overtime premium brought against Defendants herein are typical of those claims which could be alleged by any member of the Rule 23 Class.

73. The remedies sought by Plaintiff against Defendants herein are typical of those claims which could be sought by any member of the Rule 23 Class.

74. The defenses which Defendants may assert against Plaintiff are typical of those which Defendants may assert against any member of the Rule 23 Class.

75. All members of the Rule 23 Class were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime premium. The uniform corporate practice permeating throughout Defendants' business applied to Plaintiff and all members of the Rule 23 Class and as such, there are common questions of law and facts relating to Plaintiff's and the Rule 23 Class's claims for non-payment of overtime premium predominate over any questions affecting only individual members.

76. The common question of law and facts include whether Defendants are employers or joint employers of Plaintiff and the Rule 23 Class; whether there were corporate policies relating to the calculation and payment of overtime wages; whether Plaintiff and the Rule 23 Class were exempt or non-exempt from overtime compensation; and whether Defendants acted willfully with respect to their violation of the FLSA and the NJLL.

77. Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class and have no interests antagonistic to the Rule 23 Class. Plaintiff is represented by attorneys who are experienced and competent in the field of employment law and therefore are capable of providing adequate representation of all the members of the Class.

78. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, specifically in the context of the wage and hour litigation, where individual employees lack the financial resources to vigorously prosecute a lawsuit and/or are in fear of retaliation by a large multi-national employer with respect to their current and/or future employment. A class action provides a degree of anonymity which allows for the vindication of

the rights and significantly reduces these risks of retaliation or other adverse action by the employer.

79. The prosecution of separate actions by the numerous of members of the Rule 23 Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Rule 23 Class which would establish incompatible standards of conduct for the party in opposing the class or, in the alternative, create a risk of adjudications with respect to individual members of the Rule 23 Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interest.

80. This Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

### FIRST CAUSE OF ACTION
FLSA: UNPAID OVERTIME PREMIUM

81. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

82. At all relevant times, Defendants maintained a gross annual revenue of $500,000.

83. At all relevant times, Defendants were engaged in commerce or the production or sale of goods for commerce, within the meaning of 29 U.S.C. §§ 201, *et seq.*

84. At all relevant times, Defendants were joint employers of Plaintiff and the Class as defined under 29 U.S.C. §§ 201, *et seq.*

85. At all relevant times, Plaintiff and the Class were employees of Defendants as defined under 29 U.S.C. §§ 201, *et seq.*

86. During Plaintiff's and the Class's employment with Defendants, Defendants failed to pay Plaintiff and the Class the required overtime premium at a rate not less than one and one-

half (1 1/2) times the regular rate or the applicable minimum wage as required under 29. U.S.C. § 207(a)(1).

87. Defendants' failure to pay Plaintiff and the Class the applicable overtime premium was willful within the meaning of 29 U.S.C. § 255(a).

88. As a result of Defendants' failure to pay, Plaintiff and the Class suffered damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
NYLL: UNPAID OVERTIME PREMIUM

89. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

90. At all relevant times, Defendants were Plaintiff's and the Class's joint employers within the meaning of N.Y. Lab. Law § 651(6).

91. At all relevant times, Plaintiff and the Class were Defendants' employees within the meaning of N.Y. Lab. Law § 651(5).

92. During Plaintiff's and the Class's employment with Defendants, Defendants failed to pay Plaintiff the applicable overtime premium at the rate of one and one half (1.5) times the regular rate as required under 12 N.Y.C.R.R. § 142-2.2.

93. Defendants' failure to pay Plaintiff and the Class the applicable overtime premium was without a good faith basis to believe that Defendants were in compliance with the law, within the meaning of N.Y. Lab. Law § 663.

94. As a result of Defendants' failure to pay, Plaintiff and the Class suffered damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
NYLL: UNPAID SPREAD OF HOUR PREMIUM

95. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

96. At all relevant times, Defendants were Plaintiff's and the Class's joint employers within the meaning of N.Y. Lab. Law § 651(6).

97. At all relevant times, Plaintiff and the Class were Defendants' employees within the meaning of N.Y. Lab. Law § 651(5).

98. During Plaintiff's employment with Defendants, Defendants failed to pay Plaintiff and the Class the applicable spread of hours premium for each day where the spread of hours, as defined in 12 N.Y.C.R.R. § 142-2.4, exceeded 10, as required under the same provision.

99. Defendants' failure to pay Plaintiff and the Class the applicable spread of hours premium was without a good faith basis to believe that Defendants were in compliance with the law, within the meaning of N.Y. Lab. Law § 663.

100. As a result of Defendants' failure to pay, Plaintiff and the Class suffered damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### NYLL: WAGE NOTICE VIOLATION

101. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

102. At all relevant times, Defendants were Plaintiff's and the Class's joint employers within the meaning of N.Y. Lab. Law § 651(6).

103. At all relevant times, Plaintiff and the Class were Defendants' employee within the meaning of N.Y. Lab. Law § 651(5).

104. During Plaintiff's and the Class's employment with Defendants, Defendants failed to provide to Plaintiff and the Class a wage notice containing the information listed and as required under N.Y. Lab. Law § 195(1)(a).

105. Plaintiff and the Class may each recover in this action damages of fifty dollars ($50) for each workday he/she was not provided with the notice, but not to exceed a total of five thousand dollars ($5,000) each, together with costs and reasonable attorney's fees, as provided for under N.Y. Lab. Law § 198(1-b).

106. As a result of Defendants' notice violations, Plaintiff and the Class may recover five thousand dollars ($5,000), plus costs and reasonable attorney's fees.

**FIFTH CAUSE OF ACTION**
NYLL: WAGE STATEMENT VIOLATION

107. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

108. At all relevant times, Defendants were Plaintiff's and the Class's joint employers within the meaning of N.Y. Lab. Law § 651(6).

109. At all relevant times, Plaintiff and the Class were Defendants' employees within the meaning of N.Y. Lab. Law § 651(5).

110. During Plaintiff's and the Class's employment with Defendants, Defendants failed to provide to Plaintiff and the Class a wage statement containing the information listed and as required under N.Y. Lab. Law § 195(3).

111. Plaintiff and the Class may each recover in this action damages of two hundred fifty dollars ($250) for each workday he/she was not provided with the statement, but not to exceed a total of five thousand dollars ($5,000) each, together with costs and reasonable attorney's fees, as provided for under N.Y. Lab. Law § 198(1-d).

112. As a result of Defendants' notice violations, Plaintiff and the Class may recover five thousand dollars ($5,000), plus costs and reasonable attorney's fees.

## SIXTH CAUSE OF ACTION
NJWHL: UNPAID OVERTIME PREMIUM

113. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

114. At all relevant times, Defendants were Plaintiff's and the Class's joint employers within the meaning of the NJWHL, N.J.S.A. § 34:11-56a1 and N.J.A.C. § 12:46-2.1.

115. At all relevant times, Plaintiff and the Class were Defendants' employees within the meaning of the NJWHL, N.J.S.A. § 34:11-56a1 and N.J.A.C. § 12:46-2.1.

116. During Plaintiff's employment with Defendants, Defendants failed to pay Plaintiff and the Class the applicable overtime premium at the rate of one and one half (1.5) times the regular rate as required under N.J.A.C. 12:56-6.1.

117. Defendants' failure to pay Plaintiff and the Class the applicable overtime premium was willful and without a good faith basis to believe that Defendants were in compliance with the law.

118. As a result of Defendants' failure to pay, Plaintiff and the Class suffered damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
MISCLASSIFICATION

119. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

120. At all relevant times, Plaintiff was an employee of Defendants.

121. Notwithstanding Plaintiff's unambiguous status as an employee of Defendants, Defendants misclassified Plaintiff as an independent contractor and issued a IRS tax form 1099 in 2018.

122. Plaintiff had a duty to file his tax return and accordingly, filed his tax return with the form 1099 provided by Defendants.

123. Due to Defendants' misclassification of Plaintiff and the issuance of the tax form 1099, Plaintiff was assessed with certain amount of taxed dueby the IRS, which should not have been assessed against Plaintiff.

124. Plaintiff is entitled to the remuneration of the portion of the taxes he paid to the IRS, which should have been paid by Defendants.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of all other similarly situated persons including the members of the Class, respectfully request that this Court grant the following relief:

a. Declaration that Defendants' practices complained herein were unlawful practices;

b. Declaration that each and every Defendant are individually, jointly, and severally liable for each of their violations of Fair Labor Standards Act, the New York Labor Law, the New Jersey Wage and Hour Law, and regulations promulgated under these statutes;

c. Declaration that Defendants' violations of the Fair Labor Standards Act were willful within the meaning of 29 U.S.C. § 255(a);

d. Declaration that Defendants are liable to Plaintiff and the members of the Class for unpaid overtime premium pursuant to the Fair Labor Standards Act and its supporting regulations;

e. Declaration that Defendants are liable to Plaintiff and the members of the Class for unpaid overtime wage pursuant to the New York Labor Law and the Minimum Wage Order for Miscellaneous Industries and Occupations;

f. Declaration that Defendants are liable to Plaintiff and the members of the Class for the unpaid spread of hours premium under the New York Labor Law and the New York Hospitality Industry Wage Order;

g. Declaration that Defendants' violations of the New York Labor Law were willful and without a good faith basis to believe that Defendants were in compliance with the law, within the meaning of N.Y. Lab. Law § 663;

h. Declaration that Defendants are liable to Plaintiff and the members of the Class for liquidated damages in an amount equal to one hundred percent (100%) of the total underpayment found to be due under the FLSA, NYLL, and NJWHL and their supporting regulations, including unpaid overtime premium and unpaid spread of hours premium;

i. Declaration that Plaintiff and the members of the Class are entitled to collect five thousand dollars ($5,000), each, for Defendants' failure to provide wage notices as required under the New York Labor Law and its supporting regulations;

j. Declaration that Plaintiff and the members of the Class are entitled to collect five thousand dollars ($5,000), each, for Defendants' failure to provide wage notices as required under the New York Labor Law and its supporting regulations;

k. Declaration that Plaintiff and the members of the Class are entitled to collect reasonable attorney's fees and costs incurred in this litigation from Defendants;

l.  Declaration that Plaintiff and the members of the Class are entitled to collect prejudgment interest;

m. Declaration that Plaintiff is an employee of one or more of Defendants;

n. Declaration that Plaintiff has been misclassified by Defendants as an independent contractor;

o. Award of taxes paid by Plaintiff for which Defendants should have paid; and

p. Such other statutory and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: Palisades Park, New Jersey           Respectfully submitted,
September 30, 2019

By: _/s/ Seokchan Kwak_____
KIM, CHO & LIM, LLC
Seokchan Kwak, Esq. (SK0112)
460 Bergen Boulevard, Suite 305
Palisades Park, NJ 07650
Tel: (201) 585-7400
Fax: (201) 585-7422
seankwak@kcllawfirm.com
*Attorneys for Plaintiff*