# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is hereby entered into by and between GA HO KIM ("Kim") on the one hand and DKCOSMETICS, CLUB CLIO CORP., CLUB CLIO NYC CORP., and JOHN JK LEE (sued here as "JONG KYUN LEE") (collectively, "Defendants") on the other hand, for good and valuable consideration. Kim and Defendants are collectively referred to as the "Parties."

**WHEREAS**, Kim filed a complaint in the United States District Court, Southern District of New York, Case No. 1:19-cv-09079, alleging violations of the Fair Labor Standards Act, the New York Labor Law, and the New Jersey Wage and Hour Law (the "Action");

**WHEREAS**, Defendants deny and continue to deny that they have engaged in any form of unlawful employment action, or engaged in any form of wrongdoing against Kim; and

**WHEREAS**, the Parties have agreed that it is in their mutual interest to avoid further costs of litigation, to resolve fully and finally all of their disputes, including the claims and charges concerning, relating to, or arising out of Kim's employment and separation therefrom, upon the terms and conditions more fully set forth hereinafter;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.  **Non-Admission of Liability.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall in any way be construed as an admission by Defendants of any liability or any act of wrongdoing whatsoever against Kim. Rather, this Agreement constitutes the good faith settlement and release of disputed claims, and it is acknowledged and agreed by the Parties that this Agreement is being entered into to avoid the further burden, expense, delay and uncertainty of litigation.

2.  **Settlement Benefits.** In consideration for the Parties signing this Agreement and agreeing to voluntarily dismiss all claims asserted in the Complaint with prejudice, including any and all known and unknown claims and attorneys' fees, Defendants agree to pay a total of **$100,000.00**, in accordance with the following schedule:

    (a) On or before May 1, 2022:

    i.  One check in the amount of $6,475.69, with appropriate employment tax deductions, made payable to "Ga Ho Kim" for which an IRS Form W-2 shall be issued.

    ii. One check in the amount of $6,475.69, made payable to "Ga Ho Kim" for which an IRS Form 1099 shall be issued.

    iii. One check in the amount of $9,340.38, made payable to "Kim, Cho & Lim, LLC" for which an IRS Form 1099 shall be issued. This amount represents $2,864.69 in costs incurred in the action, plus $6,475.69 in attorneys' fees.

     (b)    On the 1st day of each month for four (4) consecutive months, beginning on June 1, 2022 and ending on September 1, 2022:

    i.    One check in the amount of $6,475.69, with appropriate employment tax deductions, made payable to "Ga Ho Kim" for which an IRS Form W-2 shall be issued therefor.

    ii.    One check in the amount of $6,475.69, made payable to "Ga Ho Kim" for which an IRS Form 1099 shall be issued therefor.

    iii.    One check in the amount of $6,475.69, made payable to "Kim, Cho & Lim, LLC" for which an IRS Form 1099 shall be issued.

All the foregoing checks, post-dated where applicable, shall be delivered on or before May 1, 2022.

The foregoing checks in subsections (a)(i), (a)(ii), (b)(i), and (b)(ii) shall be delivered directly to Kim at the following address:

    Ga Ho Kim
    61-19 166th Street, Unit 1F
    Fresh Meadows, New York 11365

The foregoing checks in sections (a)(iii) and (b)(iii) shall be delivered to the following address:

    Kim, Cho & Lim, LLC
    Attn: Sean S. Kwak, Esq.
    460 Bergen Boulevard, Suite 305
    Palisades Park, New Jersey 07650

     **Contingency**. Notwithstanding the foregoing due dates, Defendants shall not be obligated to deliver or make any payment pursuant to this Settlement until and unless the Court approves of the settlement set forth herein. In the event the Court's approval occurs subsequent to any of the due dates set forth herein, all past due dates shall be automatically re-set to a date that is seven (7) days after the entry of the Court's approval on ECF.

     Except as expressly set forth herein, the Parties agree to be responsible for their own counsel fees incurred in relation to the Action. Kim understands that Defendants' payment provided herein includes the payment for Kim's counsel fees incurred in relation to this Action. Kim understands and agrees that he will not seek anything further, including any other payments from Defendants relating to any claim arising out of the Action, provided Kim receives all of the Settlement Payments as stated above. In the event that a Settlement Payment is not received by the payment due date, or if a check is returned due to lack of sufficient funds, Kim's counsel shall notify Defense counsel via electronic mail ("Notice") of the Default. Defendants shall have ten (10) business days from the Notice date to cure the Default. If a Default is not timely cured, Kim shall be entitled to file the Affidavit of Confession of Judgment in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), less any Settlement Payments already made, plus

attorneys' fees and costs incurred in enforcing said Affidavit of Confession of Judgment and this Agreement.

3. **Other Actions and Covenant Not to Sue.** Kim represents that he has not filed or participated in any action, charge, complaint or proceeding of any kind against the Releasees, in any court or before any administrative or investigative body or agency (other than the Complaint described above).

4. **Binding Nature of Agreement.** This Agreement shall be binding upon each of the Parties and upon the heirs, administrators, representatives, executors, successors and assigns of each of them, and shall inure to the benefit of each party and to the heirs, administrators, representatives, executors, successors, and assigns of each of them.

5. **Entire Agreement.** This Agreement is intended by the Parties as a final expression of their agreement and as a complete and exclusive expression of its terms. This Agreement supersedes all prior discussions, promises, representations or understandings, oral and written, among the Parties in connection with the subject matter hereof.

6. **Construction.** The language of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties.

7. **Severability.** In the event that any one or more of the provisions of this Agreement is held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions will not be affected or impaired thereby. This Agreement shall survive the performance of the specific arrangements contained herein.

8. **Modification.** This Agreement may be amended, revoked, changed, or modified only upon a written agreement executed by all Parties. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the Party against whom such waiver is charged.

9. **Counterparts.** This Agreement may be executed and delivered in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument, and/or by facsimile and/or electronically, in which case the instrument so executed and delivered shall be binding and effective for all purposes.

10. **Enforcement and Controlling Law.** This Agreement is made and entered into, and shall be subject to, governed by, and interpreted in accordance with the laws of the state of New York and shall be fully enforceable in the courts of that state, without regard to principles of conflict of laws, and shall be interpreted as neutral as between the Parties, without regard to any presumptions, inferences or rules of construction based on the authorship of the Agreement. In addition to any and all other available remedies for the breach of any provision of this Agreement (none of which are waived in or by this Agreement), any party shall have the right to seek specific enforcement of this Agreement, except as to provisions which subsequently may be held invalid or unenforceable.

**PLEASE READ CAREFULLY BEFORE SIGNING. THIS SETTLEMENT AGREEMENT AND RELEASE HAS IMPORTANT LEGAL CONSEQUENCES.**

**IN WITNESS WHEREOF, the Parties have each executed this Agreement, signed as a sealed instrument, as of the last date written below.**

GA HO KIM

By: _____/s/ Ga Ho Kim_____

Dated: 4/18/22

JOHN JK LEE

By: _____

Dated:

DKCOSMETICS

By: _____

Print:

Title:

Dated:

DKCOS CORP.

By: _____

Print:

Title:

Dated:

CLUB CLIO CORP.

By: _____

Print:

Title:

Dated:

CLUB CLIO NYC CORP.

By: _____

Print:

Title:

Dated:

**IN WITNESS WHEREOF, the Parties have each executed this Agreement, signed as a sealed instrument, as of the last date written below.**

GA HO KIM

By:_____

Dated:

JOHN JK LEE

By: *John Lee* (DocuSigned by: 9F8E8BF917D645E...)

Dated: 4/15/2022

DKCOSMETICS

By: *John Lee* (DocuSigned by: 9F8E8BF917D645E...)

Print: John Lee

Title: President

Dated: 4/15/2022

DKCOS CORP.

By: *John Lee* (DocuSigned by: 9F8E8BF917D645E...)

Print: John Lee

Title: President

Dated: 4/15/2022

CLUB CLIO CORP.

By: *John Lee* (DocuSigned by: 9F8E8BF917D645E...)

Print: John Lee

Title: PRESIDENT

Dated: 4/15/2022

CLUB CLIO NYC CORP.

By: *John Lee* (DocuSigned by: 9F8E8BF917D645E...)

Print: John Lee

Title: President

Dated: 4/15/2022

4