```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
GA HO KIM, et al.,                                            :
                                                              :
                        Plaintiffs,                           :    19-CV-9079 (OTW)
                                                              :
                -against-                                     :    OPINION & ORDER
                                                              :
DKCOSMETICS, et al.,                                          :
                                                              :
                        Defendants.                           :
                                                              :
                                                              :
-------------------------------------------------------------x
```

**ONA T. WANG**, **United States Magistrate Judge:**

Plaintiffs Ga Ho Kim and Aeri Moon brought this action against DKCOSMETICS, Club Clio Corp., Club Clio NYC Corp., and John JK Lee (collectively "Defendants") in accordance with the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiffs alleged failure to pay overtime wages and spread-of-hour premiums. (ECF 105 at 1). Plaintiffs and Defendants reached a settlement and now seek Court approval of their proposed settlement agreement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). All parties have consented to my jurisdiction to decide the motion in accordance with 28 U.S.C. § 636(c). (ECF 104). For the reasons below, the Court **APPROVES** the settlement agreement as fair and reasonable under *Cheeks*.

**I.     Background[1]**

Plaintiff Kim states he began working in Defendants' New York retail stores, then relocated to work at the New Jersey warehouse. (ECF 105 at 1). Plaintiff Moon opted in as a

---

[1] The following facts are as alleged in Plaintiff's complaint. (*See* ECF 1).

1

member of the FLSA collective, and alleged she is similarly situated as Kim, albeit only with respect to the work performed in New York. (ECF 105 at 2). Plaintiffs both alleged that they worked more than forty hours in a workweek and therefore were entitled to overtime pay. (ECF 105 at 2). They also alleged having worked a spread of hours in excess of ten hours in a given day. (ECF 105 at 2). In March 2020, the parties engaged in mediation without a settlement. (ECF 105 at 2). After the completion of discovery, Plaintiffs moved for summary judgment on July 2, 2021. (ECF 105 at 2). Defendants cross-moved to dismiss all claims against DKCOS CORP. (ECF 105 at 2). On February 23, 2022, Judge Furman decided that motion. (ECF 105 at 2). The decision helped the parties reach a finalized settlement agreement. (ECF 105 at 2).

II.     Discussion

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

### a. Range of Recovery

Plaintiff Kim estimated his full damages recovery as approximately $101,285.26. (ECF 105 at 4). Plaintiff Moon estimated her damages recovery as approximately $62,249.50. (ECF 105 at 3). The proposed settlement amount is $150,000, with the parties settling Plaintiff Kim's claims for $100,000 and Plaintiff Moon's claims for $50,000. (ECF 105 at 3). Of their respective individual settlement amounts, Plaintiff Kim will receive $64,756.87 after attorney's fees and costs. (ECF 105 at 5). This is nearly 64%[2] of Plaintiff Kim's best-case damages. Plaintiff Moon will receive $32,378.44 after attorney's fees and costs, also approximately 65%[3] of her best-case damages. (ECF 105 at 5). Given the risks of litigation as noted below, the Court finds this amount reasonable. *See Briggs v. DPV Transportation, Inc.*, No. 21-CV-6738 (KMK), 2022 WL 562935, at *2 (S.D.N.Y. Feb. 23, 2022) (approving settlement agreement where plaintiffs would receive approximately 65% of their estimations of their potential recoveries); *Rojas v. Bronx Moon LLC*, No. 17-CV-5825 (KMK), 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018) (finding a proposed settlement amount of approximately 31% of the plaintiffs' total potential recovery to be fair and reasonable).

### b. Burden and Risks of Litigation

Settlement enables the parties to avoid the burden and expense of preparing for trial. The parties' filings demonstrate that there are significant disputes present in this case that present them with risks were they to proceed with litigation. Defendants generally denied Plaintiffs' allegations and claims, and produced records of Plaintiffs' work hours (ECF 105 at 2).

---

[2] (64,756.87 / 101,285.26 = .639)
[3] (32,378.44 / 62,249.50 = .52)

Plaintiffs recognize the burdensome nature of proving their alleged damages, particularly the fact that Plaintiffs would have to prove their entitlement to statutory damages and that they were not afforded any breaks, for meals or otherwise. (ECF 105 at 4). Plaintiff Kim additionally faces the greater burden of having to show the number of hours he spent on his driving duties, taking into account the difference between time spent on driving for Defendants and his normal commute time. (ECF 105 at 4). Plaintiffs face these burdens of proof, the risks inherent to trial, and the fact that Defendants have pleaded financial difficulty and made a showing to Plaintiffs that collection against them would come with "significant hurdles." (ECF 105 at 5).

### c. Arm's Length Negotiation

The parties represent that the settlement was a product of lengthy and adversarial negotiations, and there is no evidence to the contrary. (ECF 105 at 5).

### d. Risk of Fraud or Collusion

There is nothing in the record to suggest that fraud or collusion played a role in the settlement.

### e. Additional Factors

The releases here are appropriately limited to claims based on Plaintiffs' employment up to the date the agreements were executed and do not seek to exceed the scope of wage-and-hour issues. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015) (finding limitation to employment-related claims sufficiently narrow).

The parties' agreements also lack certain objectionable provisions that courts have found fatal in other proposed FLSA settlements. The proposed settlement agreements contain no confidentiality provisions and have already been filed in the public record. *See Thallapaka v.*

*Sheridan Hotel Associates LLC*, No. 15-CV-1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). Nor do the agreements contain non-disparagement provisions. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose).

The Court finds that, given the particular facts and potential damages in this case, the attorney's fees award of $48,567.66 is reasonable, and represents approximately 33%[4] of the total award. Although there is not a proportionality requirement, FSLA settlements generally amount to a third of the settlement award. *See Fisher v. SD Protection, Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a reasonable attorneys' fee to be paid by the defendant"); *Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3%"). Given these facts, the Court finds the attorneys' fee award to be reasonable.

### III. Conclusion

For the foregoing reasons, the Court approves the parties' proposed settlement of **$150,000** agreement as fair and reasonable. Plaintiffs will receive **$97,135.31**. Plaintiff Kim will receive **$64,756.87** and Plaintiff Moon will receive **$32,378.44**. Plaintiffs' counsel will receive **$52,864.70** of the settlement amount, with **$48,567.66** allocated to attorneys' fees and **$4,297.04** to costs. It is hereby **ORDERED** that this action is dismissed with prejudice. The Clerk

---

[4] (48,567.66 / 150,000 = .323)

of Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: November 30, 2022
      New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge